**832**

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

**APF CARTING, INC., GEM
Enterprises, Inc.,
Petitioners,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent,**

**International Brotherhood of
Teamsters, Local Union
No. 813, Intervenor.**

**No. 01–1489.**

United States Court of Appeals,
District of Columbia Circuit.

April 21, 2003.

Before SENTELLE, ROGERS and GARLAND, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This cause was considered on the record from the order and decision issued by the National Labor Relations Board and on the briefs by the parties. Petitioners' principal argument is that Petitioner GEM Enterprises was not the alter ego of Petitioner APF Carting as found by the Board. Petitioners also contend that they did not violate the National Labor Rela-

tions Act by (1) bypassing the union and dealing directly with the employees in encouraging them to seek other employment; (2) refusing to provide the union with requested information; (3) conditioning the employment of two individuals on their withdrawal from the union; and (4) discharging one of those individuals for protected union activity. Further, Petitioners contend that the Board's remedy was overbroad. Because the Board's findings all survive the appropriate standard of review, *United Food & Commercial Workers Int'l Union v. NLRB*, 880 F.2d 1422, 1429 (D.C.Cir.1989) ("[T]his court will uphold the order of the Board unless, reviewing the record as a whole, it concludes that the Board's factual findings are not supported by substantial evidence ...."), we deny the petition for review. Substantial evidence supports the Board's finding that GEM Enterprises was in fact the alter ego of APF Carting. Likewise, substantial evidence supports the Board's findings that Petitioners violated the Act. The Board's remedial order, which seeks to restore the status quo, falls within its remedial powers. *Va. Elec. & Power Co. v. NLRB*, 319 U.S. 533, 539–40, 63 S.Ct. 1214, 87 L.Ed. 1568 (1943). Any disagreement over which specific employees were affected by Petitioners' unlawful acts should be addressed not here, but at a compliance proceeding following the adjudication of liability. It is

ORDERED AND ADJUDGED that the petition for review of the order of the National Labor Relations Board be denied and the Board's cross-application for enforcement be granted.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.